MATTHEW F. MILLER (Bar No. 172661)
matt.miller@us.dlapiper.com
EVA K. SCHUELLER (Bar No. 237886)
evi.schueller@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Tel.:   415.836.2500
Fax:   415.836.2501

Attorneys for Defendants
COINBASE GLOBAL, INC. AND COINBASE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| DENNIS CHAN LAI,<br><br>                        Plaintiff,<br><br>        v.<br><br>COINBASE GLOBAL, INC., AND COINBASE, INC.,<br><br>                        Defendants. | Case No. 3:22-cv-03067-JCS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      September 2, 2022<br>Time:     2:00 p.m.<br>Room:    Courtroom F, 15th Floor<br>              450 Golden Gate Avenue<br>              San Francisco, CA 94102<br><br>Action Filed:    May 25, 2022 |

**TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that on Friday, September 2, 2022, at 2:00 p.m. or as soon thereafter as the matter may be heard virtually before the Honorable Judge Joseph C. Spero in accordance with his procedures, Defendants Coinbase Global, Inc. and Coinbase, Inc. (together, "Defendants" or "Coinbase") will, and hereby do, move for an order for a more definite statement under Federal Rule of Civil Procedure 12(e).

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this matter, and upon such other matters as may be presented to the Court at the time of the hearing or otherwise.

For the reasons set forth in the accompanying Memorandum of Points and Authorities, Coinbase respectfully requests that the Court issue an order instructing Mr. Lai to file a more definite statement of his claims against Coinbase, so as to allow Coinbase to determine its response, including the applicability of any arbitration agreements between the parties.

Dated: July 25, 2022               **DLA PIPER LLP (US)**

By:   */s/ Matthew F. Miller*
      MATTHEW F. MILLER
      EVA K. SCHUELLER
      *Attorneys for Defendants Coinbase Global, Inc. and Coinbase, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Dennis Lai's Complaint names Coinbase Global Inc. and Coinbase Inc. ("Defendants" or "Coinbase") as Defendants and appears to seek redress for a large variety of alleged wrongs that he and others have experienced or heard about. Plaintiff claims that this Court has subject-matter jurisdiction due to a diversity of citizenship. Coinbase cannot reasonably respond to any of Mr. Lai's claims or invocation of this Court's jurisdiction –his entire pleading is vague and ambiguous to an extent that warrants relief under Rule 12(e).

First, Mr. Lai's effort to invoke this Court's diversity jurisdiction fails to adequately allege his own domicile, as well as both Defendants' citizenships and the requisite amount in controversy. Coinbase is unable to assess the validity of his assertion of federal court jurisdiction and thus cannot reasonably respond to the Complaint.

Second, Mr. Lai's causes of action and factual allegations are almost entirely unintelligible, foreclosing Coinbase's ability to respond to the Complaint even if the Court were to find that it has jurisdiction. The first cause of action, for example, appears to quote from an "example suit" that "looks to represent a proposed class" and includes sentence fragments that could be claiming "negligence," "fraud," "false advertising," "misrepresentation" or some other claim. Similarly, Mr. Lai's many assertions of "fraud" appear directed in part or whole at third-party online "scammers", but his allegations against those "scammers" and Coinbase are intermingled and indistinguishable. As such, Coinbase cannot determine whether heightened pleading requirements under Rule 9 should apply. The second cause of action, for "unregistered platforms," is even harder to comprehend. The remaining claims fare no better, as explained further below.

It is difficult to envision circumstances that require relief under Rule 12(e) more than those presented here. Coinbase thus respectfully requests that this Court order Mr. Lai to file an amended pleading that complies with Rule 8 and contains "a short and plain statement" of both the grounds for this Court's jurisdiction and of a claim against Coinbase showing he is entitled to relief.

## II.  BACKGROUND

### A.  The Complaint

Mr. Lai filed a Complaint in this Court on May 25, 2022. Doc. #1. He directed the Summons to Defendant Coinbase Global Inc. only. Doc. #2. The Complaint states that Mr. Lai mailed the Summons and Complaint to Coinbase Global Inc. in New York, and to Coinbase Inc. in San Francisco. Doc. #1 at 15. Coinbase completed the included blank waiver of service of summons form, making its response to the Complaint due July 25.

#### 1.  Jurisdiction

Under the heading "Jurisdiction" in the Complaint, Mr. Lai asserts that this Court has jurisdiction "by Diversity citizenship," because he resides in San Francisco and "Defendants Headquarters office in New York" (errors in original). Doc. #1 at 1. The civil cover sheet does not specify either Defendants' citizenship. Doc. #1-1.

Mr. Lai does not plead any amount in controversy in his jurisdictional statement. In later passages, he appears to allege that he (and his brother, who is not a party), together deposited perhaps up to $9,000 into one or more Coinbase accounts and/or self-custody wallets. Doc. #1 at 14:4 and ¶¶ 15, 20. He also implies that this "investment" should have or did grow to $30,000-35,000, which he perhaps seeks to recover. *Id*. at 15. Finally, he requests $100,000 in punitive damages. *Id*.

#### 2.  Plaintiff's Causes of Action

Coinbase is unable to decipher Mr. Lai's four "causes of action" well enough to provide a clear summary here. His first cause spans six pages and refers to an "**EXAMPLE suit**" which purports "to represent a proposed class." *Id*. at 1-6 (emphasis in original). It consists of sentence fragments, random letters, and passages punctuated by words in all capital letters and seemingly random emphasis. The words "negligence," "fraud," "false advertising," and other possible efforts at a claim all appear in this lengthy section titled the first cause of action. *Id*.

The second purported cause of action states, in its entirety: "Defendants selling unregistered crypto platforms, Ethereum, tether, USDT and many other unregistered platforms."

*Id*. at 6 (syntax in original, emphasis and underlining omitted).

The third purported cause of action appears to be cut and paste from a different complaint or case and to have little or no connection to Mr. Lai's factual allegations. It refers to the Coinbase user agreements, plural, but does not specify which user agreement Coinbase allegedly breached, or when. *Id*. at ¶¶ 10, 11. This third cause of action, like the first, refers vaguely to "Class members." *Id*. at ¶ 6.

The fourth purported cause of action alleges that both Defendants have "dominion and control" over Plaintiff's "accounts, funds and cryptocurrency assets …" but does not specify the purported account(s), defendant, "control," or assets at issue.

### 3.   "Background Facts"

The "background facts" alleged in the Complaint similarly consist of sentence fragments, run-on sentences without punctuation, and references to third-party conduct and injuries. Mr. Lai appears to allege that after he was sent "several young girl pictures through Facebook" he responded to a woman named Amy Lin, who encouraged him to do something with respect to a self-custodial wallet or a Coinbase account. Doc. #1 at 7-8. Mr. Lai alleges he read the "Coinbase Internet" and "Coinbase video's" (sic) and understood that there could be "hackers" or "scams" targeting such accounts. *Id*. at 8-9.  He also appears to claim that he thought he was "mining a daily profit." *Id*.

The "Background Facts" section also suggests that Mr. Lai seeks relief for his brother, Ernest Lai, who is not a party. *Id*. at 10. After alleging that Ernest also put money into a Coinbase account and/or wallet, the Complaint shifts to alleged conversations with Ms. Lin, apparently regarding a contract that she entered into with one or both of the Lai brothers. *Id*. at ¶¶ 21-23. Coinbase is unable to follow the remainder of Mr. Lai's allegations—they involve discussions of a "pledge account," losing a "1.5 penalty," "stealing tokens," and a "fraud conspiracy" apparently run by or involving third parties, including Ms. Lin. *Id*. at 11-13. The Complaint is void of any operative dates.

Ultimately, as best Coinbase can decipher, Mr. Lai is perhaps alleging that he was approached by third parties through Facebook, at least one of whom appears to have convinced

WEST/299314185                                4
DEFS' NOTICE AND MOTION FOR A MORE DEFINITE STATEMENT; MEMO ISO MOTION
                                                    CASE NO. 3:22-CV-03067-JCS

him to share perhaps a Coinbase account password, and/or his personal key to a self-custody digital currency wallet –a product that is offered by an entity that is not a named defendant. He seems to have personally invested or deposited around $5,000 into an account he believes Coinbase controls in some way.

### B.  The "Supplement to Complaint"

On June 24, 2022, Mr. Lai filed a "Supplement to Complaint." Doc. #6.[1] In this document, Mr. Lai claims jurisdiction is found in 18 U.S.C. section 1332(d)(2) – which establishes diversity jurisdiction for class claims seeking more than $5,000,000 – because "User agreement FRAUD, "Arbitration" Contract, Court ruled April 8, 2022, is unconscionable, thus, unenforceable." *Id*. at 1 (emphasis and erroneous syntax in original). The remainder of the document consists of over 30-pages of sentence fragments, references to statements made on websites that are not affiliated with Coinbase, and what appear to be cut and paste passages largely without citation or explanation. The "Supplement" concludes with an increased punitive damages demand. *Id*. at 28.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement of a pleading that is so "vague or ambiguous" that the party cannot prepare a response. *Sagan v. Apple Computer*, *Inc*., 874 F.Supp.1072 (C.D. Cal. 1994) ("A Rule 12(e) motion is proper where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted."). This motion must be made before responding to the Complaint. Fed. R. Civ. Proc. 12(e) ("The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."); *Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a

---

[1] Plaintiff did not move for permission to supplement his complaint as required by Rule 15(d), and failed to properly serve either Defendant with the document. As such, the Supplement should not be considered and should be stricken under Rule 12(f). However, in the interests of expediency, Coinbase nevertheless briefly addresses the document to note that it has exacerbated the coherency issues present in the original Complaint, and, if deemed an "amended" or permissible supplemental pleading, Coinbase requests that it be included in any order resulting from this motion.

1  manner that provides sufficient notice, a defendant can move for a more definite statement

2  under Rule 12(e) before responding."). "Whether to grant a Rule 12(e) motion is a matter

3  committed largely to the discretion of the district court." *Reyes v. Colorado Cas. Ins. Co.*, No.

4  2:12-CV-00029-ECR, 2012 WL 1376973, at *1 (D. Nev. Apr. 19, 2012).

5  Under Rule 8, allegations in a complaint must be more than conclusory. *Bell Atlantic*

6  *Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007). Pleadings must be sufficient "to raise a right

7  to relief above the speculative level," and state a claim that is "plausible on its face." *Id*. at 570.

8  The facts alleged must "allow[] the court to draw the reasonable inference that the defendant is

9  liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10  Rule 8's requirements extend to the jurisdictional statement. Fed. R. Civ. Proc. 8(a)(1)

11  ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the

12  grounds for the court's jurisdiction . . ."). Where a plaintiff seeks to invoke a federal court's

13  diversity jurisdiction, "[t]he essential elements of diversity jurisdiction, including the diverse

14  residence of all parties, must be affirmatively alleged in the pleadings." *Bautista v. Pan Am.*

15  *World Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987). "[T]he congressional grant of diversity

16  jurisdiction is to be strictly construed." *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1092

17  (9th Cir. 1983).

18  **IV.   ARGUMENT**

19  Coinbase cannot respond to Mr. Lai's pleadings because: (1) this Court's jurisdiction to

20  hear Mr. Lai's claims is unclear, and (2) whether Mr. Lai has a single actionable claim against

21  Coinbase (and what that claim may be, or which user agreement may govern) is impossible to

22  determine as currently pled.

23  **A.   Plaintiff Must Allege All Elements of Diversity Jurisdiction**

24  As set forth above in Section II.A, Mr. Lai has not pled the essential elements of

25  diversity jurisdiction. He alleges that he "resides in San Francisco California," but "a natural

26  person's state citizenship is determined by his or her state of domicile, not residency." *LPL Fin.,*

27  *LLC v. Gardner*, No. 22-MC-80004-DMR, 2022 WL 1751368, at *3 (N.D. Cal. Apr. 15, 2022),

28  *report and recommendation adopted*, No. 22-MC-80004-SI, 2022 WL 1750363 (N.D. Cal. May

1  31, 2022) (holding that an allegation about residency is insufficient to allege citizenship for

2  purposes of 28 U.S.C. § 1332(a)(1)).

3        Similarly, Mr. Lai's Complaint does not address the citizenship of either corporate

4  defendant. The allegation that "Defendants HEADQUARTERS office in New York" is both

5  unclear as to which defendant it refers and contradicted by the later allegation that Plaintiff sent

6  the Complaint to Coinbase Inc. at a San Francisco address. Doc. #1 at 15 (emphasis and errors

7  in original).

8        It is also unclear whether Plaintiff is endeavoring to allege class claims, which appear

9  referenced in multiple places and emphasized under the "Jurisdiction" heading in the

10  "Supplement to Complaint." Doc. #6 at 1. If so, his effort to "Supplement" his pleading to seek

11  "$ One Million damages and punitive damages" still does not meet the $5 million threshold for

12  diversity jurisdiction for class claims. 28 U.S.C. § 1332(d)(2). The Complaint also refers to

13  allegedly wrongful conduct directed at Plaintiff's brother, Ernest Lai, whose party status and

14  domicile are both unknown. Indeed, the "investment $7,921.00 return" Plaintiff seeks in his first

15  paragraph under "Relief" is impossible to parse but may combine both Lai brothers' alleged

16  losses or perhaps "frozen" accounts or wallets. Doc. #1 at 14; *see also id.* at ¶ 17 ("THAT IS

17  FROZEN NOW AT $7921.00, brothers account $4,000.00 now froze sitting at $7921.00 plus 2

18  EHT $14,000 and another $7900.00 still growing. Sitting in wallet now ,") (emphasis and errors

19  in original).

20        Plaintiff's Complaint also fails to adequately plead the requisite amount in controversy if

21  he is seeking relief on his own behalf only, which appears most likely given the caption and

22  case initiation packet. Requesting $100,000 in punitive damages in the prayer for relief without

23  explaining the basis for that demand and the cause of action under which it is allowed makes its

24  propriety impossible to assess. Doc. #1 at 15.  If he is seeking punitive damages for breach of

25  contract, for example, Coinbase's response would be straightforward – such damages are not

26  available for contract claims under California law. *Applied Equip. Corp. v. Litton Saudi Arabia*

27  *Ltd.*, 7 Cal. 4th 503, 516 (1994) (holding "punitive damages may not be awarded for breach of

28  contract" even where breach is willful or malicious).

Requiring clarity about Plaintiff's request for punitive damages is particularly important here, because if they are not available as a matter of law for his claim, or if he otherwise has no basis for the request, there would be no question that this Court lacks jurisdiction. "When a punitive damages claim makes up the bulk of the amount in controversy, the court will 'scrutinize that claim closely' to be certain jurisdiction exists." *Jackson v. Frank*, No. C12-03975 HRL, 2012 WL 6096905, at *2 (N.D. Cal. Dec. 7, 2012) (quoting *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996)); *Thompson v. Sutley*, No. C 05 3715-MEJ, 2006 WL 8459634, at *4 (N.D. Cal. Mar. 30, 2006) (dismissing claim for failure to satisfy the amount in controversy requirement where request for $750,000 in punitive damages was made "[w]ith no supporting case law or cause … other than just that it is three times the amount of the general damages"). Unless Mr. Lai clarifies the basis for his $100,000 punitive damages demand, Coinbase cannot respond to his jurisdictional statement.

Because Plaintiff's jurisdictional statements and causes of action are fatally unclear, he should be required to provide a more definite statement of this Court's jurisdiction that allows Coinbase to assess its response.

### B. Plaintiff's Purported Causes of Action Are "Vague" and "Ambiguous," Requiring Relief Under Rule 12(e)

Plaintiff's four "causes of action" are unintelligible and preclude Coinbase from responding in compliance with Rule 8(b), or assessing defenses and available dispositive motions under Rule 12(b). The first cause of action consists of 6-pages of text that appears to focus on the conduct of third parties such as Amy Lin – an alleged scammer who allegedly contacted Mr. Lai through Facebook. Doc. #1 at 1-6. It mentions a litany of events that are difficult to understand and do not appear to correspond to a specific Defendant. Some of those events include being "hacked by third parties," perhaps in both "Plaintiffs Coinbase and Wallets," and to "crypto scams to U.S.A. by fraud. Caused the serious injuries and damages below 'facts.'" *Id.* at ¶¶ 1, 2 (sic). There are also multiple references to negligence, "false advertize" (sic), representing "a proposed class," misrepresentations, and "fraud" or perhaps "fraudulent inducement." *Id.* at 3-5. Coinbase cannot respond to this first cause of action—it is

1   incomprehensible. If it endeavors to allege a fraud claim, for example, Coinbase would respond

2   that it fails to comply with heightened pleading requirements under Rule 9. Instead of moving to

3   dismiss on a speculative basis against a pro se plaintiff, however, Coinbase brings this motion in

4   accordance with guidance from the Ninth Circuit, which has counseled that a motion under Rule

5   12(e) is particularly suited to redressing such pleading flaws. *See Guam Inv. Co. v. Cent. Bldg.,*

6   *Inc.*, 288 F.2d 19, 24 (9th Cir. 1961).

7       The remainder of Plaintiff's claims fare no better. Coinbase cannot understand what

8   "unregistered crypto platforms" are as alleged in the second cause of action, let alone how it has

9   engaged in "selling" them, to whom, or the private right of action their existence may permit.

10  Doc. #1 at 6. What is an unregistered platform? What law is allegedly being violated and by

11  whom? No amount of discovery could aid Coinbase in understanding this claim.

12      As for the third cause of action, which purports to combine a "Breach of Contract and

13  Implied Covenant of Good Faith and fair dealing" claim, Coinbase cannot determine which user

14  agreement or agreements Plaintiff alleges Coinbase has breached, when, and by what conduct.

15  Plaintiff vaguely asserts that Coinbase breached unspecified agreements "by failing to enable

16  plaintiffs and Class members to have immediate access to their accounts, the funds and

17  cryptocurrency assets within those accounts, and to process only the respective customer's

18  transaction within those accounts." Doc. #1 at ¶ 11. He then proceeds to allege that Coinbase

19  breached the implied covenant by "by failing to timely respond to and resolve plaintiff

20  regarding security threats, hacking and technological issues that precluded plaintiff access to

21  their accounts and cryptocurrency assets." *Id.* at ¶ 12. The reference in both statements to

22  multiple plaintiffs, multiple accounts, and a litany of vague, internally inconsistent allegations

23  of breach precludes Coinbase from responding to this claim as well. *See Ctr. for Biological*

24  *Diversity v. Env't Prot. Agency*, No. 11-CV-00293-JCS, 2013 WL 6225183, at *6 (N.D. Cal.

25  Nov. 25, 2013) (granting in part defendants' motion under Rule 12(e) where they could not

26  "reasonably respond" to the allegations). Similarly, as currently pled, Coinbase is unable to

27  determine the applicability of any of the agreements (or which versions) that Mr. Lai entered

28  into, with either Coinbase or any other entity. Coinbase's user agreements all include various

arbitration and dispute resolution terms, which Coinbase intends to enforce immediately upon clarification by Plaintiff that allows it to assess which, if any, apply to his claims.[2]

The fourth cause of action may be an effort to allege a conversion theory under state common law. But it too is fatally vague, failing to specify which assets, accounts, or conduct evincing "control" it involves. Coinbase cannot reasonably respond to this claim as pled. *Id.*

Finally, the pleading's "Background Facts" section presents a vague litany of wrongful conduct untethered to a particular defendant, account, day, or even year. Nor are the "Background Facts" tied to any particular claim or even to Mr. Lai himself. These deficiencies also warrant relief through a Rule 12(e) motion. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (affirming grant of motion for a more definite statement where it was impossible to tell from the complaint "which defendants were allegedly liable for which wrongs."). Coinbase cannot respond as required under Rule 8(b) to these fragments of vague and ambiguous allegations.

In sum, Coinbase is unable to determine what Mr. Lai alleges Coinbase did that justifies a lawsuit, who did what to whom, when, and how. This pleading warrants relief under Rule 12(e).

**V.   CONCLUSION**

Coinbase is unable to comply with Rule 8(b)'s requirement that it state its defenses, admit or deny each allegation in response to Plaintiff's pleading, or move to dismiss the complaint under Rule 12(b)(6), because Plaintiff's Complaint and "Supplement" are too "vague or ambiguous" as provided in Rule 12(e). Coinbase thus respectfully requests that this Court grant this motion and order Plaintiff to file a more definite "short and plain" statement of his claims and of his basis for invoking this Court's jurisdiction within 14 days.

///

---

[2] Out of an abundance of caution, Coinbase notes that it intends to enforce all applicable arbitration agreements to their fullest extent and does not, through this motion, waive its ability to do so. *See D'Arrigo Bros. Co., of California v. Doug Mellon Farms II, Inc.*, Case No. 20-cv-05463-NC, 2020 WL 7428617 at *2 (N.D. Cal. Dec. 18, 2020) (holding that motion for a more definite statement did not waive right to compel arbitration).

Dated: July 25, 2022 **DLA PIPER LLP (US)**

By: */s/ Matthew F. Miller*
MATTHEW F. MILLER
EVA K. SCHUELLER
*Attorneys for Defendants Coinbase Global, Inc. and Coinbase, Inc.*