UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CHAN LAI,<br>               Plaintiff,<br>    v.<br>COINBASE GLOBAL, INC., et al.,<br>               Defendants. | Case No. 22-cv-03067-JCS<br><br>**ORDER TO SHOW CAUSE** |

## I.   INTRODUCTION

This case was brought by Plaintiff Dennis Chan Lai against Coinbase Global, Inc. and Coinbase, Inc (collectively, "Coinbase"). Lai and Coinbase consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c) and on August 25, 2022, the undersigned granted Coinbase's unopposed motion for a more definite statement pursuant to Rule 12(e). *See* dkt. 13 ("August 25 Order"). In the August 25 Order, the Court found that "Plaintiff's allegations regarding diversity jurisdiction are incomplete, that his factual allegations are almost unintelligible and that the basis for his claims is unclear." The Court ordered Plaintiff to file an amended complaint that is in compliance with Rule 8 of the Federal Rules of Civil Procedure no later than September 9, 2022.

On September 8, 2022, Lai filed a document entitled "RESPONSE TO DEFENDANTS NOTICE FOR MORE DEFINITE STATEMENT[;] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT[;] Request for Jury trial and supplements[;] Two additional defendants[.]" Dkt. 14 ("Response"). The caption lists as defendants Coinbase (both of the entities named in the original complaint), Financial Geek, and Crypto Chronicle https://cryptochronlcle.io. *Id.* Lai also filed a document containing eleven exhibits to his

1  Response on September 9, 2022. Dkt. 15 ("Exhibits").

2  Presently before the Court is Coinbase's Motion to Strike Plaintiff's Response and Dismiss this Action ("Motion to Strike"), in which it asks the Court to dismiss this case under Federal Rule of Civil Procedure 12(e) and (f) for failure to comply with this Court's August 25, 2022 Order and failure to file an amended pleading in compliance with Rule 8. Lai has not filed an opposition to the Motion to Strike and the deadline to do so has now passed. **The motion hearing scheduled for October 28, 2022 at 9:30 a.m. is vacated.**

## II.  DISCUSSION

The Court agrees with Coinbase that Lai's Response and Exhibits (which the Court construes as Lai's amended complaint) do not comply with the Court's August 25 Order or the requirements of Rule 8(a). The 39-page response is rambling and frequently incoherent. The gist of his complaint appears to be that Lai opened a Coinbase cryptocurrency account, believing based on statements he read on the Internet (including statements by Financial Geek and Crypto Chronicle) that Coinbase would refund his money if his account was hacked but that when his account *was* hacked, Coinbase did not refund his money. Lai lists numerous possible claims against the three defendants, including "False advertising" pp. 7, 38; "Unjust riches" pp. 11, 38; "section 17200 unlawful, unfair, fraudulent practices, misleading advertising" p. 38; "17500 Unfair unlawful deceptive business practices" p. 38) and negligence, p. 29. It is virtually impossible, however, to determine the specific conduct Lai bases any of these claims upon in light of the jumbled allegations, interspersed with lengthy quotes from legal opinions.[1]

---

[1] The following are just a few excerpts of Lai's allegations relating to Coinbase:

Coinbase permits third party false advertising, the claim was MISLEADING, confused customers. Cost comparisons were false. As Coinbase PERMITS FALSE advertises, if HACKED, WILL REFUND YOUR ACCOUNT. COINBASE benefiting sales, both analogous to DUTY FREE, BENEFITS INC, BARNES, Coinbase permitting false advertising, violates the Lanham Act.

ISSUE II Coinbase is responsible FOR PERMITTING ALL THE THIRD PARTY FALSE ADVERTIZING, FRAUD enticing investors to invest with Coinbase to violate UNJUST RICHES. TOO MANY links that Coinbase WILL REFUND IF HACKED, says THIS IS one main feature to join, deal with Coinbase. Means Coinbase will receive UNJUST RICHES, from too MANY LINKS ENTICING UNWARY USERS BY FRAUD False advertising. Opposing counsel says, all these 3rd party links are NOT COINBASE? THEY ARE NOT RESPONSIBLE? PERMITTING FALSE ADVERTISING to UNJUST

United States District Court
Northern District of California

The Court concludes, however, that striking Lai's complaint for failure to comply with Rule 8, as Coinbase requests, is not the appropriate remedy. In support of its request, Coinbase cites *Sagan v. Apple Computer, Inc*., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994), with the parenthetical "A Rule 12(e) motion is proper where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." Motion at 4. Aside from Coinbase's omission of the word "only" before the word "where" without use of ellipses, and the failure to provide a pin cite to the (mis)quoted language, its reliance on this case is misplaced because in *Sagan*, the court addressed only the circumstances under which a motion for a more definite statement should be granted, not the remedy for failing to comply with a court order granting a motion a motion for a more definite statement, as is the case here.

Rather, the remedy that may be available under these circumstances is dismissal of the complaint. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("[T]he judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated.") (citing Fed.R.Civ.P. 41(b)); *see also Bautista v. Los*

---

RICHES benefiting Coinbase.

Response at 19.

> Coinbase NEVER RESPONDS until PLAINTIFFS FILES LAW SUITS, thousands of plaintiffs pending, Pg 941 third party negligence law Reimbursement Consultants (third party, Greek Coinbase and other false advertising false ad) and the Three Tests Starting with the broadest test, the reasonable foreseeability rule, a consultant is liable to the government as a reasonably foreseeable party. The federal government, through its contractor, the fiscal intermediary, is often in a position of placing substantial reliance on the filed data, as well as on the representations of the consultant.8 9 (3rd party) The cost report has one intended use - Likewise, Medicare consultants (3rd party) necessarily know that the government will rely on any of their contributions to the cost report. Therefore, the government (Coinbase) is a reasonably foreseeable party that will act in reliance on the consultant's work.9 ' (3rd party) Here, Coinbase defendants IGNORE the 3rd party FRAUD, from "UNJUST RICHES."

*Id.* at 20-21.

> Coinbase 1. will NOT REFUND FROZEN ACCOUNTS, 2 . Will NOT USE CRIME INSURANCE TO REFUND, 3. WILL NOT REFUND EVEN IF NOT USERS FUALT [sic]. 4 . FRAUD "DO NOT WORRY, COINBASE WILL REFUND YOUR ACCOUNT. ALL FALSE.

*Id.* at 24.

3

1  *Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000) ("Although the rules do not specifically
2  authorize motions to require a separate statement of claims, courts have used their inherent power
3  to issue such orders and have dismissed actions for noncompliance under Rule 41(b)."); *Gillibeau*
4  *v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) ("The failure of a complaint to state a
5  claim upon which relief can be granted is usually dealt with by a motion made under Rule
6  12(b)(6), while the need for supplying a more definite statement is ordinarily brought before the
7  court by a motion invoking Rule 12(e). However, in an aggravated case a district court has
8  discretion to dismiss an action for failure to comply with the requirement of Rule 8(a)(2).").

The Ninth Circuit has justified the court's authority to dismiss a case when the plaintiff has not complied with Rule 8(a) as follows:

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. "[T]he rights of the defendants to be free from costly and harassing litigation must be considered." *Von Poppenheim*[, 442 F.2d] at 1054.
>
> The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case who follow the rules, as well as defendants in the case in which the prolix pleading is filed. "[T]he rights of litigants awaiting their turns to have other matters resolved must be considered. . . ." *Nevijel*, 651 F.2d at 675; *Von Poppenheim*, 442 F.2d at 1054.

*McHenry*, 84 F.3d at 1179–80.

Nonetheless, because dismissal with prejudice is a harsh remedy, the district court "should first consider less drastic alternatives." *Id.* at 1178; For example, in *Nevijel v. N. Coast Life Ins. Co.*, the Ninth Circuit affirmed dismissal with prejudice based on failure to comply with requirements of Rule 8(a) where district court had "reasonably explored" "possible and meaningful alternatives" to dismissal by allowing the plaintiff to file an amended complaint --

4

which "was 23 pages long with 24 pages of addenda, named additional defendants without leave of court, and was equally as verbose, confusing and conclusory as the initial complaint" – and where the "court did not dismiss with prejudice until after [the plaintiff] had submitted briefs supporting a motion to alter the judgment and a motion for permission to file a second amended complaint." 651 F.2d 671, 674 (9th Cir. 1981).

On the other hand, in *Bautista*, the Court of Appeals held that the district court had abused its discretion by dismissing the plaintiff's complaint for failure to comply with Rule 8(a), observing that "[w]hen it granted plaintiffs leave to file a second amended complaint, the court issued a bare-bones order with only a cursory direction to 'plead specific facts that would create an individual prima facie claim of age, race, or disability discrimination[ ]' and that [t]he court made no reference to Rule 8(a) or Rule 10(b), it did not specify what it required in the pleading, and it gave no warning that it would dismiss the next complaint with prejudice if it did not comply." 216 F.3d at 841.

Here, Lai was already warned in the Court's August 25 Order that his original Complaint, in which he sued only Coinbase, did not comply with the requirements or Rule 8(a). The amended complaint he filed in response to the Court's August 25 Order was no less confusing or convoluted, however. It is again virtually impossible to determine what specific claims he asserts against Coinbase and the specific conduct upon which his claims are based. The same is true as to the two new defendants he has added to his complaint.

### III. CONCLUSION

Because Lai has named two new defendants who have not appeared or consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c), the Court intends to reassign this case with a recommendation to a district judge as to whether this action should be dismissed. **Plaintiff Lai is ORDERED TO SHOW CAUSE why the undersigned should not recommend dismissal of this case with prejudice for failure to comply with the Court's August 25 Order and Rule 8(a). No later than November 4, 2022, Lai shall file an amended complaint in which he sets forth clearly and concisely each specific claim he asserts against each defendant and in which he identifies the specific conduct on the part of each defendant that**

5

**he alleges violates the legal right that is the basis for the claim.  Lai's amended complaint should not include lengthy quotations from legal opinions and his allegations should be set forth in simple, understandable, complete sentences, as required under Rule 8(a).  Should he fail to meet these requirements, the undersigned intends to recommend that the case be dismissed in its entirety, with prejudice.**

  **IT IS SO ORDERED.**

Dated:  October 20, 2022

                  _____
                  JOSEPH C. SPERO
                  Chief Magistrate Judge